And that takes us to our final argument of the day in Appeal No. 25-2054, the United States v. Ghosh. Okay, Mr. Shepard, nice to see you. May it please the Court, I am Adam Shepard on behalf of the Appellant, Mona Ghosh. Your Honors, I intend to focus my argument primarily on the acceptance of responsibility issue because we believe that it is the clearest sentencing error in the record and independently warrants remand. We are not arguing that a district court cannot consider a statement in a collateral proceeding. Certainly, a district court may consider such. The question is how far that inquiry extends before it ceases to be a holistic assessment of acceptance and instead becomes an indefinite search for an arguably inconsistent statement or minimization made in a collateral context. Our position, respectfully, is that Section 3E1.1 is not intended to become a search part for minimization. And that concern is especially acute here. At the time of sentencing, Dr. Ghosh was simultaneously facing, according to the PSR, paragraph 142, 26 separate civil medical malpractice lawsuits. It's not as though the allegation in this case is that she falsely denied any conduct in those lawsuits, nor is there an allegation that she obstructed any court proceeding in any way. Nor is it an allegation that she may have, in some cases, if there's a collateral forfeiture proceeding related to the criminal proceeding, any lie or frivolous denial there. At the change of plea hearing, there was seven pages of the factual basis. And although she wanted to emphasize that there were billers who actually sent out the billing, not herself, she didn't deny the gravamen of the offense was that she participated in this fraud and didn't render the services that were billed for. In the change of plea hearing, as well as in the plea agreement, which is, of course, common, they notify the defendant by way of an example of how a defendant may lose acceptance of responsibility. The plea agreement, and it was recited by the district court at the change of plea hearing, cites about candor with the probation department and the United States Attorney's Office during the criminal process in collecting financial information and otherwise cooperating. That's an example. It doesn't emphasize a collateral proceeding. And again, I'm not arguing that the district court cannot consider a defendant's statements at a collateral proceeding. Testimony is one that comes to mind. I'm respectfully submitting that here. What was submitted to the Illinois Department of Finance and Professional Regulation wasn't her testimony in court, but it was... But she filed a verification page that was electronically signed in which she affirmed the contents of what was submitted under penalty of perjury. And those contents included statements that were directly contradictory to her plea agreement. She did, Your Honor. My point about that... Why can't the court consider that? Absolutely, the court can consider it. I'm drawing a distinction between that and testimony with cross-examination that might draw out what exactly she was denying there. So why wouldn't, in the proceeding, she took positions that were directly contradictory to her plea and the crime she committed, and she signed a verification page under penalty of perjury? Why isn't that enough to take away acceptance? As an initial matter, although she verified it, she didn't draft it. Mr. Shepard, you're an attorney. You know, you sign something under penalty of perjury. You don't have to draft the document. She signed it, a verification page, that she affirmed its contents and said under penalty of perjury they're true. Well, the issue about her not being the actual billers, that actually was true, Your Honor. But she was backing away from the fraud. The district court also saw it as part of a pattern. The plea colloquy was not, you know, free of some difficulty, right? I mean, you've acknowledged that. And I think what the district court was doing when we got to sentencing was combining it all. I mean, the district court says it's part of a pattern, and the pattern is, at a minimum, discounting, minimizing the criminal conduct. Part of the issue with the plea colloquy, the district court raised that for the first time shortly before pronouncing sentence. That proceeding, the district court had admonished the parties at the beginning that pursuant to a minute entry, there wasn't going to be any further argument. It was just for the district court to pronounce sentence. And neither probation nor the government had raised the plea colloquy. One of our grounds for requesting remand is to allow further development of the record on that point. Was Dr. Gosch shirking responsibility onto her billers, or was she simply emphasizing that it was the mechanics, it was her billing? Because she didn't have that opportunity, that's one of the grounds we're asking for remand. It's true, the issue of acceptance was out there. The parties were on notice. I'm not suggesting that had that not been out there and it was denied acceptance, there might be a grounds for remand independently. The issue was out there, but not the issue of the plea colloquy. That wasn't out there until the district court raised it sua sponte. What about the fact that in the filing before the IDFPR, she denied that she was involved in a scheme to defraud. She denied knowingly submitting false claims for services not provided. She denied knowingly submitting false claims. All of that was part of what she pled guilty to. And then she goes before the ID, well, she submits something to the IDFPR, denying her involvement in the fraud. By the time of sentencing, she had not. In addition to which, although the answer does, of course, contain, Your Honor, it's the correct recitation, it's not as though, according to the record, that the complaint was sent to her in the same e-mail. It doesn't matter the complaint. These were factual statements that she was denying in order to try to keep her license. The narrow issue then is this. Is that single minimization to IDFPR? It's more than a minimization. It's a complete denial of the criminal activity or pieces of the criminal activity that she had pled guilty to, including submitting false claims for services that weren't provided. The gravamen, and I went back today, it's in the change of plea, was that she participated in this scheme. She didn't deny that she participated in the scheme. The denials there are as to the- I was referring to the answer to 10A, the one that the district court relied on, because he said that could have only come from, apparently, Dr. Goshen, not an attorney. And that's one of the points we're asking for remand on. We don't know that. And this court has previously encouraged, in the face of a silent defendant on the issue of acceptance, when an attorney is making an arguably frivolous, for example, argument to ask the defendant, is that your position? That's one of the grounds we're asking for remand, to find out where did those statements come from. I see I'm nearly out of time. I'll reserve the last 30 seconds. We'll give you a minute or so of rebuttal. Thank you, Mr. Shepard. Let's hear from the government. May it please the Court. Haley Altabeff on behalf of the United States. I'd like to start where the defendant spent the most part of their argument, which is regarding the acceptance of responsibility. The district court did not commit clear error in denying the defendant acceptance of responsibility credit. As this panel has already alluded, the defendant two months after her change of plea hearing signed by verification in response to a regulatory complaint in which she denied the bulk of the admissions in her plea agreement. That itself is enough to deny acceptance of responsibility credit. Now, in its briefing and also in its argument today, defense has argued that the defendant cannot be accountable for something that was filed by her counsel. This is incorrect. First, as the district court correctly found at sentencing, the defendant personally reviewed and signed the response. And this belies any argument that the defendant either did not know what was in the response. Under penalty of perjury. Under penalty of perjury, yes. Under penalty of perjury, she affirmed that those were correct statements when under oath two months prior, she had said the opposite. Second, as the district court found that specificity of the response suggests that the defendant actively participated in crafting the response. Now, the district court also noted, putting all of the pieces together, that the reference to outside billing in the IDFPR response mirrored defendant's repeated representations at the change of plea called plea. In addition, defendant herself reaffirmed this pattern once again in her sentencing allocution, in which she again shirked responsibility for billing, saying, among other things, that she did not fully understand computers, she was old, the EMR system confused her, and that she was totally depending on billing for someone else. Defense has argued that this issue should go to remand to further develop the record regarding the IDFPR response. However, as this court knows, the defendant has the obligation to prove by preponderance of the evidence that she has accepted responsibility in a moral sense, and any attempts to minimize her involvement may be grounds for denying acceptance of responsibility. The response to the IDFPR complaint occurred in September of 2024. In October of 2024, the government submitted its first sentencing memorandum, in which it informed the defendant that it felt the IDFPR response was inconsistent with acceptance of responsibility. Between October of 2024 and May of 2025, when the multi-day sentencing hearing occurred, the defendant had every opportunity to develop that record. The defendant chose not to, and presented no evidence about it at the sentencing hearing. The defense also takes issue with the district court relying on the change of plea colloquy at its sentencing announcement, primarily because the defendant did not have an opportunity to respond. However, the court is entitled to take into account every single interaction it has with the defendant when it is conducting its sentencing and determining its sentence. The defendant had every opportunity to respond. There's a portion of the sentencing where the district court affords the defendant an opportunity to address the court. And that is, yes, that is correct. Thank you. They had every opportunity to respond. She did not respond, and she did not note this in her sentencing allocution. In addition, the same counsel that represented the defendant at the change of plea represented counsel at the sentencing hearing. Everyone was on notice of what the defendant had said at her change of plea, and everyone saw at her sentencing allocution similar repeated statements that were inconsistent with acceptance of responsibility. Don't you think what troubled the district court was that thinking of this as billing fraud that was happening in the accounting department of the office that the billing person was responsible for doesn't even begin to get at the gravity of the underlying conduct because the bills were going out for procedures that weren't performed, and including some procedures that have left some of the patients in a very tragic state. That was not the responsibility of the billing person. That responsibility fell on the defendant. Don't you think that's what was troubling the district court? I do. I think the district court, as it stated when it announced the sentence, was deeply troubled by this case, specifically because it was not a run-of-the-mill billing fraud case. It was a case in which, at the end, many of these false bills were patients, and patients who had procedures that they did not consent to, procedures that they did not know were happening, and procedures that were irreversible at times and medically unnecessary. And if you will allow me for a brief moment, that brings me to the third portion of the defendant's brief regarding the defendant's sentence. I think, as the record makes clear, the district court did not abuse its discretion in sentencing the defendant to a within-guideline sentence of 120 months. A sentence is reasonable as long as the judge has offered an adequate statement of his reasons consistent with the sentencing factors, and a district court presumes that a guideline sentence is reasonable. Here, the district court methodically considered and addressed each of those 3553A factors, and that meets the standard for substantive reasonableness. To reiterate what you have said previously, the district court did weigh, or what defendant has argued in its briefing, the district court did find that her history and characteristics were neutral. And he did, in fact, credit all of her mitigating characteristics in her past, but what he did is he also weighed that against these extremely aggravating factors. And the extremely aggravating factor that you have alluded to already is that defendant's greed not only caused her to commit more than a million dollars in health care fraud, her greed also caused her to exploit one of the most intimate relationships that a woman has with a provider, and in the process irreversibly harmed her patience. I'd like to move very briefly to the second issue. The district court did not commit clear error in finding that the defendant's offense involved the conscious or reckless risk of death or serious bodily injury. The district court properly found that defendant's fraud scheme included performing and billing for unnecessary procedures, including endometrial ablations. The district court likewise found that performing endometrial ablations on patients in pursuit of a fraud scheme is a gross deviation from the standard of care expected of physicians and one that puts defendant's patients at risk of serious bodily injury. In fact, as the record shows here, not only were patients put at the risk of serious bodily injury, multiple patients experienced that serious bodily injury as a result of the defendant's actions. If there are no more questions, I ask that the court affirm the judgment of the district court. Thank you. Thank you very much. Mr. Shepard, we'll give you a minute of rebuttal time. Thank you. Your Honor, just as the point about whether the defendant was given a meaningful opportunity to address the plea colloquy, that language, the meaningful opportunity, derived from this court's opinion in United States v. Jackson. It's cited in our reply brief. It's true Mr. Grohman was asked if the sentencing court had addressed his arguments, but that wasn't one of the arguments. So that's why we're asking for remand as to that. And as to the, I think the court's point exactly, that the gravamen of the conduct was more than just the billing. It was more than just a white-collar billing case. We concur with that. And what I was trying to address with Your Honor, Judge St. Eve, was that that is essentially what the defendant admitted to the case, even at the change of plea, notwithstanding an effort to make me minimize on the billing the unnecessary procedures. She did admit that, and she didn't back down from that, although her lawyers argued non-frivolously, but argued about the enhancement at sentencing for the risk of unnecessary procedures. And the court did not credit that against her in any way. So we submit she did admit to the gravamen of the offense, notwithstanding a minimization on billing. Thank you. Mr. Shepard, thanks to you. We appreciate it very much. Thanks to the government as well. We will take this appeal under advisement. That concludes today's arguments, so the court will be in recess.